IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JILL REED, ) | |
| ) | |
| Plaintiff, ) | Case No: 13-cv-2284 JAR/GLR |
| ) | |
| v. ) | |
| ) | |
| MILESTONE LAW GROUP, LLC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, JILL REED, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, MILESTONE LAW GROUP, LLC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JILL REED, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Shawnee, County of Johnson, State of Kansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Global Group Holdings (hereinafter, "the Debt").

1

6. The debt that Plaintiff allegedly owed Global Group Holdings was for a payday loan, which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. MILESTONE LAW GROUP, LLC., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Kansas. Defendant is registered as a limited liability company in the State of California.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.  ALLEGATIONS

14. On or about March 7, 2013, Plaintiff received a telephone call from Mr. Joseph Sanchez, a duly authorized representative of Defendant, who stated that he was calling from the Milestone Law Group.

15. During the course of the aforementioned telephone call, Defendant advised Plaintiff that it represented Global Group Holdings (hereinafter "GGH") relative to a debt allegedly owed by Plaintiff.

16. During the aforementioned telephone call between Defendant and Plaintiff, Defendant accused Plaintiff of writing a "bad check" for $858 on December 6, 2010.

17. Defendant further told Plaintiff that she currently owed $1,350 as a result of the "bad check" she allegedly wrote on December 6, 2010.

18. Defendant threatened to have Plaintiff arrested for "check fraud" if she did not pay the $1,350.

19. Defendant's representation that Plaintiff could be arrested for "check fraud" had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the Debt.

20. Plaintiff had not engaged in criminal conduct with respect to the Debt.

21. Defendant's representation that Plaintiff had engaged in criminal conduct was false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct relative to the Debt.

22. Defendant's representation that Plaintiff could be arrested for "check fraud" relative to the Debt misrepresented the character, status and/or legal nature of the Debt.

23. Defendant's representation that Plaintiff could be arrested for "check fraud" was a statement made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

24. During the aforementioned telephone call between Defendant and Plaintiff, Defendant further threatened to file a lawsuit against Plaintiff for "breach of contract" if she did not pay the $1,350.

25. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt.

26. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

27. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

28. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

29. During the course of the aforementioned telephone call, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt, and that any information obtained would be used for that purpose.

30. During the course of the aforementioned telephone call, the duly authorized representative of Defendant stated it was calling from a law firm and apprised Plaintiff that it represented GGH relative to the Debt.

31. At no time during the course of the aforementioned telephone call between Defendant and Plaintiff did Defendant apprise Plaintiff that he is not an attorney.

32. The aforementioned statements, in conjunction with Defendant's failure to apprise Plaintiff that it was a debt collector, had the effect of conveying to an unsophisticated consumer that the individual that had contacted Plaintiff on behalf of Defendant was an attorney.

33. Despite the fact that Defendant is a law firm, upon information and belief, the individual that made the statements on behalf of Defendant, as delineated above, is not an attorney.

34. Upon information and belief, Defendant does not have any employees that are licensed to practice law in the State of Kansas.

35. Subsequent to the telephone call between Plaintiff and Defendant, Plaintiff initiated a call to GGH.

36. During the aforementioned telephone call between Plaintiff and GGH, Plaintiff asked if she had an outstanding debt obligation with GGH.

37. GGH apprised Plaintiff that it had checked its database, and thereafter informed Plaintiff that she did not owe a debt to GGH.

38. Defendant's representation to Plaintiff, on March 7, 2013, that Plaintiff wrote a "bad check" relative to the Debt, was false, deceptive and misleading, given that Plaintiff does not have an outstanding debt obligation with GGH.

39. Defendant's representation to Plaintiff, on March 7, 2013, that Plaintiff wrote a "bad check" relative to the Debt constituted unfair and unconscionable means to collect the Debt, given that Plaintiff does not have an outstanding debt obligation with GGH.

40. In its attempts to collect the debt allegedly owed by Plaintiff to Global Group Holdings, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

b. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

d. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

f. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

41. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

42. Plaintiff hereby demands a trial by jury on all issues so triable.

43. The Plaintiff, JILL REED, by and through her attorneys, SMITHMARCO, P.C., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JILL REED, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

6

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JILL REED**

By:    s/ Mandy M. Shell

Dated: June 12, 2013

Mandy M. Shell, KS Bar # 23410
1656 Washington, Ste. 140
Kansas City, MO 64108
Telephone: (913) 871-4170
Facsimile: (888) 418-1277
E-Mail: mshell@smithmarco.com
ATTORNEY FOR PLAINTIFF