## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JILL REED, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 2:13-cv-02284-JAR-GLR |
| | ) | |
| v. | ) | Judge Robinson |
| | ) | Magistrate Judge Rushfelt |
| MILESTONE LAW GROUP, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

### CONTENTS

I. INTRODUCTION

II. BRIEF MEMORANDUM OF APPLICABLE LAW

    A. Violation of the Fair Debt Collection Practices Act (FDCPA)

    B. Damages under the FDCPA

III. PLAINTIFF'S CLAIM FOR DAMAGES

IV. ATTESTATION OF THE FACTS

    Affidavit of Plaintiff (**Exhibit A**)

V. ATTORNEYS' FEES & COURT COSTS

    A. Plaintiff's Counsel's Hourly Rates

    B. Attorney's Rates – Laffey Matrix (**Exhibit C**) and Biographies and Affidavits of Plaintiff's Counsel (**Exhibit D**)

    C. Orders from District Courts (**Exhibit E**)

    D. Hours Billed (Comprehensive listing attached hereto as **Exhibit B**)

VI. PRAYER FOR RELIEF

## I. INTRODUCTION

Plaintiff, JILL REED, filed the Complaint in this matter alleging, *inter alia*, that Defendant, MILESTONE LAW GROUP, LLC., violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

On July 23, 2013, Plaintiff filed a Motion to Entry of Default Defendant due to Defendant's failure to answer or otherwise plead. Said Motion was granted and on July 23, 2013, a Clerk's Entry of Default was entered against Defendant. Plaintiff now moves for the entry of a Default Judgment by the Court.

## II. BRIEF MEMORANDUM OF APPLICABLE LAW

### A. Violation of the Fair Debt Collection Practices Act (FDCPA)

Plaintiff's Complaint alleges that Defendant violated the FDCPA by the manner with which it attempted to collect an alleged debt from Plaintiff.

Specifically, Plaintiff's Complaint alleges that Defendant violated the FDCPA as follows:

> a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;
>
> b. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);
>
> c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);
>
> d. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);
>
> e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);
>
> f. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

### B.  Damages under the FDCPA

The Fair Debt Collection Practices Act provides for the payment of any actual damages and statutory damages of up to $1,000.00.  15 U.S.C. §1692k.

The aforesaid section of the FDCPA states: *"Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of:*

**(1)**     *any actual damage sustained by such person as a result of such failure;*

**(2)(A)**  *in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;*

As noted by myriad courts ruling on FDCPA claims, emotional distress damages are actual damages deserving of compensation. A plethora of cases, similar in nature to that of the Plaintiff in the present case, have resulted in the finding of actual damages in favor of the Plaintiffs.  See <u>Anderson v. Conwood Co.</u>, 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety); <u>Stevenson v. TRW</u>, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages, plus $20,700 in attorney's fees); <u>Thompson v. San Antonio Retail Merchants Ass'n</u>, 682 F.2d 509 (5th Cir. 1982) ($10,000 actual damages for humiliation and mental distress even when no out-of-pocket expenses); <u>Morris v. Credit Bureau</u>, 563 F. Supp. 962 (S.D. Ohio. 1983) ($10,000 for stress, anxiety, humiliation, injury to his reputation , his work, his family, his sense of well-being); <u>Collins v. Retail Credit Co.</u>, 410 F. Supp. 924 (E.D. Mich. 1976) ($21,750 for loss of reputation, embarrassment, in recognition of the "many subtle and indirect adverse effects upon a personal, social and economic life"), ($50,000 in punitive damages and $21,000 in attorney's fees); <u>Jones v. Credit Bureau of Huntington, Inc.</u>, 399 S.E.2d 694 (W. Va. 1990): Jury

award of $4,000 compensatory $42,500 punitive, upheld; <u>Bryant v. TRW Inc.</u>, 689 F.2d 72 (6th Cir. 1982) ($8,000 for embarrassment and humiliation, attorney's fees $13,705); <u>Belile v Allied Medical Accounts Control Associated Bureaus, Inc.</u>, 209 B.R. 658 (E.D. Pa. 1997) (Consumer is entitled to actual damages under the FDCPA…for emotional distress arising from unlawful debt collection practices arising from letter violation); <u>Crossley v Lieberman</u>, 90 B.R. 682 (E.D. Pa 1988), aff'd, 868 F.2d 566 (3d. Cir 1989) (actual damages in the form of emotional stress assessed at $1,000 for debt collector's violation of the FDCPA); <u>In re Littles</u>, 75 B.R. 241 (E.D. Pa. 1987), aff'd, 90 B.R. 700 (E.D. Pa. 1988); <u>Southern Siding Company, Inc, v. Raymond,</u> 703 So.2d 44 (La. App., 1st Cir. 1997) (Actual damages of $5000 and $2000 and $2000 in statutory damages were awarded to husband and wife under the FDCPA for mental and emotional distress in the form of undue stress, anxiety and sleeplessness and physical injury in the form of depression as result of threatening letter); <u>Venes v. Professional service Bureau</u>, 353 N.W. 2d 671 (Minn. Ct. App. 1984) ($6000 awarded for undue stress as a result of debt collection violations involving harassing telephone calls); <u>Smith v. Law Offices of Mitchell N. Kay</u>, 124 B.R. 182 (D. Del. 1991)($3000 for actual damages in the form of emotional distress as a result of FDCPA violation).

Moreover, such damages as outlined above, including personal humiliation, embarrassment, sleeplessness, depression and mental anguish or emotional stress need not be proved by expert testimony and can be sustained by the consumer himself. *See* <u>Belile</u>, <u>Crossley</u>, <u>Littles</u>, <u>Raymond</u>.

### III. PLAINTIFF'S CLAIM FOR DAMAGES

Plaintiff seeks to recover $1,000.00 in statutory damages and $3,500.00 for actual damages, as detailed in Plaintiff's affidavit. Additionally, Plaintiff seeks recovery of her attorneys' fees and costs as delineated below.

### IV. ATTESTATION OF THE FACTS

Please see affidavit of Plaintiff attached hereto as **Exhibit A**.

### V. ATTORNEYS' FEES & COURT COSTS

#### A. Plaintiff's Counsel's Hourly Rates

Angel Bakov has been licensed since 2012 and his hourly rate is $225 per hour. Mandy Shell has been licensed since 2006 and her hourly rate is $265 per hour. David Marco has been licensed since 2000 and his hourly rate is $340 per hour. Larry Smith has been licensed since 1993 and his hourly rate is $395 per hour. Paralegals at SMITHMARCO, P.C., have an hourly rate of $115 per hour.

#### B. The Rates Sought by Plaintiff's Counsel are Reasonable as Evidenced by the United States Attorneys' Office and the "Laffey Matrix"

The hourly rates requested by Plaintiff as detailed in Plaintiff's Statement of Services are commensurate with the prevailing rates for attorneys that practice federal law. As the case at bar was filed pursuant to a federal remedial statute, the FDCPA, rates charged by other attorneys practicing federal law may be compared to determine an appropriate rate. *See Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 371 (D.D.C. 1983).

In *Laffey*, the court compared rates of attorneys practicing federal claims with fee-shifting provisions to reach a hybrid rate. *Id*. The court's analysis in *Laffey* was taken one step further by the Civil Division for the United States Attorney's Office to reflect how rates have changed over

the years due to inflation. In doing so, the United States Attorney's office created the "Laffey Matrix."

The Laffey Matrix is an official statement of market-supported reasonable attorney fee rates that was adopted, and is periodically updated, by the United States Court of Appeals for the District of Columbia. *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 347 (6th Cir. 2000), citing *Laffey v. Northwest Airlines, Inc.,* 746 F.2d 4 (D.C. Cir. 1984).

As demonstrated by the "Laffey Matrix" the rates sought by Plaintiff's attorneys herein are commensurate with recognized rates for attorneys' with similar experience. (See Laffey Matrix, attached hereto as **Exhibit C**).

The "Laffey Matrix" when coupled with the biographical data presented by Plaintiff's counsel provides conclusive evidence that the rates sought by Plaintiff in this matter are reasonable. (See Biographies and Affidavits of Plaintiff's Counsel **Exhibit D**). Larry Smith has been licensed since 1993 and charges $395 per hour (compared with the Laffey Matrix recognized rate of $445 per hour). David Marco has been licensed since 2000 and charges $340 per hour (compared with the Laffey Matrix recognized rate of $355 per hour). Mandy Shell has been licensed since 2006 and her hourly rate is $265 per hour (compared with the Laffey Matrix recognized rate of $290 per hour). Angel Bakov has been licensed since 2012 and charges $225 per hour (compared with the Laffey Matrix recognized rate of $245 per hour). Paralegals at SMITHMARCO, P.C., charge $115 per hour (compared with the Laffey Matrix recognized rate of $145 per hour).

**C. Orders from other District Courts demonstrate the reasonableness of the hourly rates and hours requested by Plaintiff**

Attached hereto as **Exhibit E** are numerous orders entered from various courts around the country awarding Plaintiff's counsel their attorneys' fees, including orders from the Eastern and

Western Districts of Missouri, the Northern and Southern Districts of Illinois, the Eastern and Western Districts of Michigan, the Eastern and Western Districts of Wisconsin, the Southern District of Indiana, the District of Minnesota, the District of Nebraska and the District of Kansas. In each case to which the respective order applies, the court was asked to review a fee petition similar to that submitted by counsel in the present matter[1]. Without exception, each court reviewed the fee petition and granted counsel their fees in their entirety. The attached orders evince the reasonableness of the manner with which Plaintiff's counsel prosecute matters similar to the case at bar and the reasonableness of Plaintiff's counsel's hourly rates.

### D. Hours Billed

Please see summary below.  For a comprehensive list of Plaintiff's attorneys' fees, please see document attached hereto as **Exhibit B**.

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Larry P. Smith | 3.1 | $395.00 | $1,224.50 |
| David M. Marco | 0.2 | $340.00 | $68.00 |
| Mandy Shell | 1.2 | $265.00 | $318.00 |
| Angel Bakov | 2.7 | $225.00 | $607.50 |
| Paralegal | 4.5 | $115.00 | $517.50 |
| | | **ATTORNEYS' FEES** | $2,735.50 |
| | | **COST FOR FILING COMPLAINT** | $400.00 |
| | | **COST OF SERVICE OF SUMMONS** | $65.00 |
| | | **TOTAL ATTORNEYS' FEES AND COSTS** | $3,200.50 |

---

[1] Prior to October 1, 2011, Plaintiff's counsel's hourly rates were as follows: Larry Smith - $375; David Marco - $275; Paralegals - $105. On October 1, 2011, in line with additional experience and increased costs, Plaintiff's counsel increased their hourly rates as follows: Larry Smith - $385; David Marco - $300; Paralegal rate remained unchanged.  On January 2, 2013, Plaintiff's counsel increased their hourly rates to those requested by this petition.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JILL REED, by and through her attorneys, SMITHMARCO, P.C., respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, MILESTONE LAW GROUP, LLC., as follows:

1.  Actual Damages:            $3,500.00
2.  Statutory Damages:         $1,000.00
3.  Attorneys' Fees & Costs:   $3,200.50

                         **TOTAL:**    **$7,700.50**

Respectfully submitted,
**JILL REED**

Dated: October 14, 2013

By:  s/ Mandy M. Shell
Mandy M. Shell, KS Bar # 23410
PO Box 413677
Kansas City, MO  64141
Telephone: (913) 871-4170
Facsimile:(888) 418-1277
E-Mail: mshell@smithmarco.com
ATTORNEY FOR PLAINTIFF

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JILL REED, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 2:13-cv-02284-JAR-GLR |
| | ) | |
| v. | ) | **Judge Robinson** |
| | ) | **Magistrate Judge Rushfelt** |
| **MILESTONE LAW GROUP, LLC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

**To:** Milestone Law Group, LLC.
3400 Inland Empire Boulevard, Suite 101
Ontario, CA 91764

I, Mandy Shell an attorney, certify that on **October 14, 2013**, I shall cause to be served a copy of **Plaintiff's Motion for Default Judgment**, upon the above named individual(s) by: depositing same in the U.S. Mail box at 205 North Michigan Avenue, Suite 2940, Chicago, IL 60601, prior to 5:00 p.m., postage prepaid; messenger delivery; Federal Express; facsimile transmitted from (888) 418-1277; email; and/or electronically via the Case Management/Electronic Case Filing system ("ECF"), as indicated below.

|   |   |   |   |
|---|---|---|---|
| _X_ | U.S. Mail | ____ | Facsimile |
| ____ | Messenger Delivery | ____ | Email |
| ____ | Federal Express/UPS | ____ | ECF |

Dated: October 14, 2013

By: _s/ Mandy M. Shell_
Mandy M. Shell, KS Bar # 23410
PO Box 413677
Kansas City, MO  64141
Telephone:  (913) 871-4170
Facsimile:  (888) 418-1277
E-Mail:  mshell@smithmarco.com
ATTORNEY FOR PLAINTIFF